## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JASON WILLIAM TYLER,

     Plaintiff,

-vs-

    Case No.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; and WESTLAKE SERVICES,
LLC,

     Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, JASON WILLIAM TYLER (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and WESTLAKE SERVICES, LLC (hereinafter "Westlake") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 *et seq*. ("FCCPA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCCPA.

3.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

4.     Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

5.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

6.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

7.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

8.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9.     Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

10.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

3

12.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

14.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

15.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

16.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

17.     Westlake is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, Corporate Creations Network Inc., located at 801 US Highway 1, North Palm Beach, Florida 33408.

18.     Westlake is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

19.     Westlake furnished information about Plaintiff to the CRAs that was inaccurate.

20.     Westlake attempted numerous times to collect a debt which was inaccurate and took wrongful repossession of a vehicle.

## FACTUAL ALLEGATIONS

21.     Plaintiff is alleged to owe a debt to Westlake, partial account number 239406*, as to an auto loan (hereinafter "Westlake Account").

22.     Plaintiff made timely payments to the Westlake Account.

23.     In or about March 2023, Plaintiff purchased a 2013 Jeep Wrangler with financing through Westlake.

24.     In or about November/December 2023, the engine blew, and Plaintiff brought the 2013 Jeep Wrangler back to the dealership, First Rate Auto, for repairs.

25.     During the repair process, Plaintiff sent his mechanic to First Rate Auto to assess the repairs. However, when his mechanic arrived at First Rate Auto, the 2013 Jeep Wrangler was not there.

26.     Believing the 2013 Jeep Wrangler had been stolen, Plaintiff filed a police report with the Hillsborough County Sheriff.

27.     Shortly thereafter, Plaintiff contacted Westlake and was informed that First Rate Auto reported the 2013 Jeep Wrangler as abandoned which is why it was towed.

28.     Since the vehicle had been towed as a repossession and not reported, Plaintiff filed a code violation for failure to report the tow within 30-60 minutes of its occurrence.

29.     On or about December 11, 2023, Marlin Miller at First Rate Auto sent an email to Westlake advising them that the 2013 Jeep Wrangler was not abandoned, and that First Rate Auto had only previously contacted Westlake to verify payments were current.

30.     While trying to sort out the issue and actively in communication with Westlake regarding the error, Plaintiff's 2013 Jeep Wrangler was sold at auction forcing Plaintiff to have to buy a new car.

31.     As a result of this error, the Westlake Account began to be reported as a charge off.

32.     In or about May 2024, Plaintiff contacted Experian to dispute the erroneous reporting of the Westlake Account.

33.     On or about May 30, 2024, Plaintiff received dispute results from Experian which stated the Westlake Account was verified as accurate and updated yet it continued to be reported as a charge off.

34.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

35.     Experian never attempted to contact Plaintiff during the alleged investigation.

36.     Upon information and belief, Experian notified Westlake of Plaintiff's dispute. However, Westlake failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

37.     Shortly thereafter, Plaintiff contacted Experian and again disputed the erroneous reporting of the Westlake Account.

38.     On or about June 21, 2024, Plaintiff received dispute results from Experian which stated the Westlake Account was updated. However, the Westlake Account continued to be reported as a charge off.

39.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40.     Experian never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Experian notified Westlake of Plaintiff's dispute. However, Westlake failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

42.    Again, shortly thereafter, Plaintiff contacted Experian to dispute the erroneous Westlake Account for the third time.

43.    On or about July 11, 2024, Plaintiff received dispute results from Experian which stated the Westlake Account would remain.

44.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

45.    Experian never attempted to contact Plaintiff during the alleged investigation.

46.    Upon information and belief, Experian notified Westlake of Plaintiff's dispute. However, Westlake failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

47.    Plaintiff again contacted Experian and disputed the erroneous Westlake Account for the fourth time.

48.    On or about July 20, 2024, Plaintiff received dispute results from Experian which stated the Westlake Account was verified as accurate and updated, but it continued to be reported as a charge off.

49.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

50.     Experian never attempted to contact Plaintiff during the alleged investigation.

51.     Upon information and belief, Experian notified Westlake of Plaintiff's dispute. However, Westlake failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

52.     On or about September 3, 2024, Plaintiff obtained a copy of his credit report. Upon review, Plaintiff observed the Westlake Account continued to be reported with a status of charge off and balance of $11,146.

53.     On or about September 10, 2024, Plaintiff mailed a detailed dispute letter to Experian and Trans Union regarding the inaccurate reporting. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that the Westlake Account was not accurate and that the status and debt they were claiming Plaintiff owed was inaccurate and not legitimate. To confirm his identity, Plaintiff included images of his driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting, images of proofs of his timely payments to the Westlake Account, images of the police report filed with the Hillsborough County Sheriff, images of the filed code violation, and other supporting documents.

9

54.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (9407 1112 0620 5863 5000 02) and Trans Union (9407 1112 0620 5863 5807 52).

55.     On or about October 1, 2024, Plaintiff received dispute results from Experian which stated the Westlake Account was updated. However, the Westlake Account continued to be reported with the erroneous status of charge off and balance of $11,146.

56.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

57.     Experian never attempted to contact Plaintiff during the alleged investigation.

58.     Upon information and belief, Experian notified Westlake of Plaintiff's dispute. However, Westlake failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

59.     On or about October 8, 2024, Plaintiff received dispute results from Trans Union which stated the Westlake Account was verified as accurate.

60.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

61.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

62.     Upon information and belief, Trans Union notified Westlake of Plaintiff's dispute. However, Westlake failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

63.     Due to the continued inaccurate reporting, on or about October 29, 2024, Plaintiff mailed a second detailed dispute letter to Experian and Trans Union regarding the inaccurate reporting. In the letter, Plaintiff again requested a copy of his credit report. Further, Plaintiff reiterated that the Westlake Account was not accurate and that the status and debt they were claiming Plaintiff owed was inaccurate and not legitimate. To confirm his identity, Plaintiff included images of his driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting, images of proofs of his timely payments to the Westlake Account, images of the police report filed with the Hillsborough County Sheriff, images of the filed code violation, and other supporting documents.

64.     Plaintiff mailed his second detailed dispute letter via USPS Certified Mail to Experian (9407 1112 0620 5476 3086 20) and Trans Union (9407 1112 0620 5476 2308 08).

65.    As of the filing of this Complaint, Plaintiff has not received dispute results as to his second detailed dispute letter.

66.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Experian and Trans Union continue to inaccurately report the erroneous Westlake Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

67.    Experian and Trans Union have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

68.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

69.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.   Denials for new lines of credit;

v.   Apprehensiveness to apply for new credit due to the fear of rejection; and

vi.   Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

70.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

71.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

72.   Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

73.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

74.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

75.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

76.     Experian violated its own policies and procedures by not deleting inaccurate account information when Plaintiff provided them with the police report filed with the Hillsborough County Sheriff and the filed code violation, which contained sworn testimony of the error.

77.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

78.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

79.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

80.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

81.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82.     Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

83.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

84.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

85.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

86.    Experian violated its own policies and procedures by not deleting inaccurate account information when Plaintiff provided them with the police report filed with the Hillsborough County Sheriff and the filed code violation, which contained sworn testimony of the error.

87.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

16

89.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

90.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

91.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

92.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

93.     Plaintiff provided Experian with the information it needed to confirm the status and balance of the Westlake tradeline was inaccurate and not legitimate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

94.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

96.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

97.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

98.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

99.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

19

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

100.   Plaintiff provided Experian with the information it needed to confirm the status and balance of the Westlake tradeline was inaccurate and not legitimate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

101.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

103.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

104.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

105.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

106.   Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

107.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

108.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

109.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

110.   Trans Union violated its own policies and procedures by not deleting inaccurate account information when Plaintiff provided them with the police report filed with the Hillsborough County Sheriff and the filed code violation, which contained sworn testimony of the error.

111.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

113.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

22

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

114.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

115.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

116.   Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

117.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

118.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

119.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

120.   Trans Union violated its own policies and procedures by not deleting inaccurate account information when Plaintiff provided them with the police report

filed with the Hillsborough County Sheriff and the filed code violation, which contained sworn testimony of the error.

121.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

123.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

124.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

125.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

126.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

127.   Plaintiff provided Trans Union with the information it needed to confirm the status and balance of the Westlake tradeline was inaccurate and not legitimate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

25

128.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

129.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

130.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

131.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

132.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

133.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

134.   Plaintiff provided Trans Union with the information it needed to confirm the status and balance of the Westlake tradeline was inaccurate and not legitimate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

135.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, and

apprehension in applying for credit and the damages otherwise outlined in this Complaint.

136.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

137.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Westlake Services, LLC (Negligent)

138.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

139.   Westlake furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

28

140.   After receiving Plaintiff's disputes, Westlake violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

141.   Plaintiff provided all the relevant information and documents necessary for Westlake to have identified that the account status and balance were inaccurate and not legitimate.

142.   Westlake knowingly chose to follow procedures which did not review, confirm, or verify the account status and balance were accurate.

143.   Westlake violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

144.   As a direct result of this conduct, action, and/or inaction of Westlake, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

145.   The conduct, action, and inaction of Westlake was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

146.   Plaintiff is entitled to recover costs and attorney's fees from Westlake in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual damages against Defendant, WESTLAKE SERVICES, LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Westlake Services, LLC (Willful)

147.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

148.   Westlake furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

149.   After receiving Plaintiff's disputes, Westlake violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information

regarding same; (iii) failing to accurately respond to Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

150.   Plaintiff provided all the relevant information and documents necessary for Westlake to have identified that the account status and balance were inaccurate and not legitimate.

151.   Westlake knowingly chose to follow procedures which did not review, confirm, or verify the account status and balance were accurate.

152.   Westlake violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

153.   As a direct result of this conduct, action, and/or inaction of Westlake, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; denials for new lines of credit; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

154.   The conduct, action, and inaction of Westlake was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

155.   Plaintiff is entitled to recover costs and attorney's fees from Westlake in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, WESTLAKE SERVICES, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
**Violation of Florida Statues § 559.72(9) as to
Defendant, Westlake Services, LLC**

156.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

157.   Westlake violated Florida Statues § 559.72(9) by attempting to collect a debt it knew or had reason to know was not legitimate.

158.   Westlake had all the information it needed to determine that the debt was inaccurate and not legitimate, and yet repeatedly attempted to collect payment from Plaintiff stating that he owed an illegitimate debt of $11,146.

159.   As a result of the conduct, action, and inaction of Westlake, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this

Complaint. Plaintiff is in fear that the inaccurate and erroneous debt will harm his credit reputation. Plaintiff is no longer in possession of a vehicle and suffered damages in the form of loss of time and money as he is forced to find other modes of transportation.

160.   Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from Westlake pursuant to the FCCPA.

161.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Westlake in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages against Defendant, WESTLAKE SERVICES, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## COUNT XII
### Conversion
### as to Defendant, Westlake Services, LLC

162.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

163.   The repossession of Plaintiff's 2013 Jeep Wrangler was a wrongful taking by Westlake. At the time of taking, Plaintiff was making timely payments and was not in default.

164.   Westlake took possession of the 2013 Jeep Wrangler with the intent to take ownership of and permanently deprive Plaintiff of the vehicle.

165.   The actions of Westlake deprived Plaintiff of the use of the 2013 Jeep Wrangler vehicle permanently.

166.   The conduct, action, and/or inaction of Westlake was grossly negligent.

167.   As a direct result of this conduct, action, and/or inaction of Westlake, Plaintiff suffered damages, including without limitation, loss of the use of his vehicle; inability to commute as part of daily living; financial loss in the form of additional travel expenses; mental and emotional pain stemming from the anguish, humiliation, and stress; and the damages otherwise outlined in this Complaint.

168.   Plaintiff is entitled to recover damages from Westlake including, but not limited to, the value of the 2013 Jeep Wrangler, punitive damages, and expenses.

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests a finding against Defendant, WESTLAKE SERVICES, LLC; and award Plaintiff the value of the 2013 Jeep Wrangler, punitive damages, expenses, and all such additional relief deemed just, equitable, and proper.

34

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JASON WILLIAM TYLER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and WESTLAKE SERVICES, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672

Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*